# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

The Official Committee of Unsecured
Creditors,

                                    Appellant,

     v.

The Archdiocese of Saint Paul and
Minneapolis, et al.,

                                    Appellees.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 16-2712 ADM

_____

Robert T. Kugler, Esq., Edwin H. Caldie, Esq. and Brittany S. Mitchell, Esq., Stinson Leonard Street LLP, Minneapolis, MN on behalf of Appellant.

Richard D. Anderson, Esq., Charles B. Rogers, Esq. and Benjamin E. Gurstelle, Esq., Briggs and Morgan P.A., Minneapolis, MN on behalf of Appellee The Archdiocese of Saint Paul and Minneapolis.

Nauni Jo Manty, Esq., Dennis D. O'Brien, Esq. and Mychal A. Bruggeman, Esq., Manty & Associates, P.A., Minneapolis, MN on behalf of Appellee The Official Committee of Parish Creditors.

Phillip L. Kunkel, Esq. and Nicholas N. Nierengarten, Esq., Gray Plant Mooty Mooty & Bennett, P.A., St. Cloud, MN on behalf of Appellees Catholic Community Foundation of Minnesota, Benilde-St. Margaret's School and Grace High School, d/b/a Totino-Grace High School.

S. Steven Prince, Esq., Grell Feist Prince PLC, Minneapolis, MN on behalf of Appellee DeLaSalle High School.

Mary Jo A. Jensen-Carter, Esq., Buckley & Jensen, White Bear Lake, MN on behalf of Appellee The Parish Group.

Mark J. Kalla, Esq. and Alyssa M. Troje, Esq., Lapp, Libra, Thomson, Stoebner & Pusch, Chartered, Minneapolis, MN on behalf of Appellees St. Dominic Catholic Church, St. Stephen's Catholic Church and School, Church of St. Thomas the Apostle, St. Ambrose of Woodbury, St. Bartholomew Catholic Faith Community, Church of St. Pius X, Christ the King Church, The Church of the Incarnation of Minneapolis, St. Vincent de Paul Catholic Church, The Church of the Epiphany, Immaculate Heart of Mary, St. Michael Catholic Church, and Saint Peter Claver Church.

Cameron A. Lallier, Esq., Foley & Mansfield, PLLP, Minneapolis, MN on behalf of Appellee The Church of Saint Anne-Saint Joseph Hien.

James A. Lodoen, Esq. and Adam C. Ballinger, Esq., Lindquist & Vennum LLP, Minneapolis, MN on behalf of Appellee Our Lady of Grace of Edina, Minnesota.

Paul L. Ratelle, Esq., Fabyanske, Westra, Hart & Thomson, PA, Minneapolis, MN on behalf of Appellee The Church of Saint Patrick of Edina, Minnesota.

John A. Hedback, Esq., Hedback Arendt & Carlson, PLLC, Saint Anthony, MN on behalf of Appellee The Catholic Cemeteries.

Andrew T. Brever, Esq., Foster Brever Wehrly PLLC, Saint Anthony, MN on behalf of Appellee The Church of St. Charles Borromeo of Minneapolis, MN.

Michael J. Iannacone, III, Esq., Iannacone Law Office, P.L.L.C., Lake Elmo, MN on behalf of Appellees Catholic Finance Corporation, The Guardian Angels Catholic Church of Oakdale, Minnesota, The Church of St. Joseph of Rosemount, Minnesota, The Church of St. Thomas Becket, and Faithful Shepherd Catholic School.

Steven W. Meyer, Esq., Fox Rothschild LLP, Minneapolis, MN on behalf of Amicus Curiae Party Council on Foundations, Inc.

---

## I. INTRODUCTION

Appellant The Official Committee of Unsecured Creditors (the "Creditors' Committee") appeals the United States Bankruptcy Court's July 28, 2016 Order Denying Substantive Consolidation. See Am. Notice Appeal [Docket No. 1, Attach. 1]. For the reasons set forth below, the Order of the Bankruptcy Court is affirmed.

## II. BACKGROUND

On January 16, 2015, the Archdiocese of Saint Paul and Minneapolis (the "Debtor" or "Archdiocese") filed for protection under Chapter 11 of the Bankruptcy Code. See In re Archdiocese of Saint Paul and Minneapolis, No. 15-30125 (Bankr. D. Minn.); Appellant's App.

[Docket No. 18] at 576.[1]  On May 23, 2016, the Creditors' Committee sought to substantively consolidate the Debtor with the following entities: 187 separately-incorporated parishes and their related schools and cemeteries within the Debtor's region, consolidated schools, the Catholic Community Foundation of Minnesota, the Francophone African Chaplaincy, Segrado Corizon de Jesus, the Chaplaincy of Gichitwaa Kateri, Newman Center and Chapel, the Catholic Finance Corporation, the Catholic Cemeteries, Totino Grace High School, DeLaSalle High School, and Benilde-St. Margaret High School (collectively, the "Targeted Entities").

The Creditors' Committee filed the substantive consolidation motion on behalf of more than 400 individuals who have filed proofs of claim in the Debtor's bankruptcy case based on claims of clergy sexual abuse ("Abuse Claimants").  Appellant's Br. [Docket No 17] at 6.  The Creditors' Committee argued that the assets of the Targeted Entities should be included in the Debtor's bankruptcy estate and used to satisfy the Abuse Claimants' bankruptcy claims.  The Debtor and several of the Targeted Entities opposed the motion.

The Bankruptcy Court ruled that Federal Rule of Bankruptcy Procedure 7012 applied to the substantive consolidation motion.[2]  The Debtor and several of the Targeted Entities then filed motions to dismiss the substantive consolidation motion under Federal Rule of Civil Procedure 12(b)(6) and motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

---

[1] Page number references to the Appellant's Appendix are to the numbers on the bottom center of the Appendix pages.

[2] Bankruptcy Rule 7012(b) provides that Federal Rule of Civil Procedure 12(b)–(i) applies to bankruptcy adversary proceedings.  Although a motion for substantive consolidation does not meet the definition of an adversary proceeding set forth in Federal Rule of Bankruptcy Procedure 7001, a bankruptcy court is authorized under Bankruptcy Rule 9014(c) to direct that Bankruptcy Rule 7012(b) applies to a contested matter such as a motion for substantive consolidation.

On July 28, 2016, Judge Robert J. Kressel of the Bankruptcy Court issued an order denying the motion for substantive consolidation and granting the Debtor and Targeted Entities' motions for dismissal.  See Am. Notice Appeal at Ex. A; In re Archdiocese of St. Paul & Minneapolis, 553 B.R. 693 (Bankr. D. Minn. 2016) ("Order").  The denial of the substantive consolidation motion was based on two independent grounds.  First, ordering substantive consolidation of the Targeted Entities over their objections—and thus forcing these charitable, non-debtor entities into the bankruptcy process without their consent—was found to be inconsistent with § 303(a) of the Bankruptcy Code, which prohibits the commencement of involuntary bankruptcy cases against a corporation that is not a moneyed business, or commercial corporation.  See Order, 555 B.R. at 700–01 (citing 11 U.S.C. § 303(a)).  Based on this inconsistency, the Bankruptcy Court determined that it lacked equitable authority to order substantive consolidation under § 105 of the Bankruptcy Code, because a Bankruptcy Court's equitable authority under § 105 is limited to actions which are consistent with the Bankruptcy Code.  Id. at 701.

Second, Judge Kressel held that even if there was authority to substantively consolidate the Debtor with the non-consenting, charitable organizations, the Creditors' Committee failed to allege sufficient facts to support substantive consolidation.  Id. at 701–04.

The Creditors' Committee filed this timely appeal.

### III. DISCUSSION

**A. Standing**

As a preliminary matter, the Archdiocese argues that the Creditors' Committee lacks standing to appeal.  "In order to have standing to appeal a bankruptcy court order, an appellant

must be a 'person aggrieved' by that order." WestLB v. Kelley, 531 B.R. 783, 789 (D. Minn. 2015) (quoting In re Zahn, 526 F.3d 1140, 1142 (8th Cir. 2008)). An appellant qualifies as a "person aggrieved" if the appellant has a "financial stake in the bankruptcy court's order, meaning [the appellant was] directly and adversely affected pecuniarily by the order." Id. (quoting In re Peoples, 764 F.3d 817, 820 (8th Cir. 2014)).

The Creditors' Committee has standing to appeal because the Abuse Claimants are creditors of the Debtor's bankruptcy estate, and the Order directly impacts the amount and extent of the assets to be included in the estate. Thus, the Abuse Claimants have a direct pecuniary interest affected by the Order.

**B. Legal Standard for Substantive Consolidation**

Substantive consolidation is an extraordinary remedy that "treats separate legal entities as if they were merged into a single survivor left with all the cumulative assets and liabilities." In re Owens Corning, 419 F.3d 195, 205 (3d Cir. 2005). The Bankruptcy Code does not expressly provide for the remedy of substantive consolidation. In re Archdiocese of Milwaukee, 483 B.R. 693, 699 (Bankr. E.D. Wisc. 2012). Rather, a bankruptcy court's authority to order substantive consolidation arises from its equitable powers under § 105 of the Bankruptcy Code. Id.; In re Giller, 962 F.2d 796, 799 (8th Cir. 1992). Section 105 authorizes a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).

Although a bankruptcy court's equitable powers under § 105 are broad, they are not without limits. As the Supreme Court has recently stated, "[i]t is hornbook law that § 105(a) does not allow the bankruptcy court to override explicit mandates of other sections of the

Bankruptcy Code.  Section 105(a) confers authority to 'carry out' the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits." Law v. Siegel, 134 S.Ct. 1188, 1194 (2014) (internal citation and quotation marks omitted).  The Eighth Circuit has similarly and repeatedly held that a bankruptcy court's "broad equitable powers may only be exercised in a manner which is consistent with the provisions of the Code." Johnson v. First Nat'l Bank of Montevideo, Minn., 719 F.2d 270, 273 (8th Cir. 1983); In re Miller, 16 F.3d 240, 244 (8th Cir. 1994) (stating a bankruptcy court's powers under § 105 are limited in that "such powers must be exercised consistent with the provisions of the Bankruptcy Code"); In re Easton, 882 F.2d 312, 315 (8th Cir. 1989) (same).

The proponent of substantive consolidation has the burden of showing that consolidation is necessary.  In re Huntco Inc., 302 B.R. 35, 39 (Bankr. E.D. Mo. 2003).  Due to the harm substantive consolidation will inflict on some creditors, "the proponent's burden of establishing the need for substantive consolidation is exacting." Id.  "Because substantive consolidation is purely an equitable remedy, a court should not employ it when it would benefit one set of creditors at the expense of another unless the proponent can advance some equitable reason for such a redistribution." Id. at 40.

The sole decision by the Eighth Circuit addressing the standard for substantively consolidating multiple entities is In re Giller, which identified three non-exclusive factors to consider in determining whether consolidation is appropriate:  "1) the necessity of consolidation due to the interrelationship among the debtors; 2) whether the benefits of consolidation outweigh the harm to creditors; and 3) prejudice resulting from not consolidating the debtors." 962 F.2d 799.  In Giller, the Eighth Circuit upheld the substantive consolidation of six corporations all

owned by the same individual and which had all filed voluntary Chapter 11 bankruptcy petitions. Multiple abuses of the corporate form existed as to all six of the debtors. Id. at 797–99.  For example, all of the debtors operated out of the same headquarters, though none paid rent.  Id. at 798.  One of the debtors financed the other debtors, but no regular repayment schedule had been established.  Id.  Employees hired by two of the debtors performed uncompensated services for all six debtors.  Id.  The Eighth Circuit held that consolidating the interrelated debtors was necessary because "the only hope of paying for the bulk of the creditors was to use the assets of the one solvent Debtor to pursue fraudulent conveyance and preference causes of action."  Id. at 799.  "[T]he benefits of consolidating the Debtors outweighed the harms because the lawsuits may generate sufficient funds to pay creditors of the insolvent Debtors while still preserving the recovery by the creditors of the solvent Debtor."  Id.

**C.  Standard of Review**

Ordinarily, a district court reviews a bankruptcy court's findings of fact for clear error and legal conclusions de novo.  In re Falcon Prods. Inc., 497 F.3d 838, 840–41 (8th Cir. 2007).  However, in Giller, the Eighth Circuit stated that because "the bankruptcy court's power to order substantive consolidation is equitable, an abuse of discretion standard may be appropriate."  In re Giller, 962 F.2d at 799.  The Court need not resolve this issue because under any standard of review the Bankruptcy Court's Order denying and dismissing the motion for substantive consolidation is proper.

**D.  The Bankruptcy Court Correctly Held that Substantive Consolidation Would Violate § 303(a) of Bankruptcy Code.**

Appellants argue that the Bankruptcy Court erred in dismissing the substantive consolidation motion based on § 303(a) of the Bankruptcy Code.  Section § 303(a) expressly

7

prohibits the commencement of an involuntary bankruptcy case against "a corporation that is not a moneyed, business, or commercial corporation." 11 U.S.C. § 303(a). The legislative history accompanying this provision states that "Eleemosynary institutions, such as churches, schools, and charitable organizations and foundations, . . . are exempt from involuntary bankruptcy." S. Rep. No. 95–989, at 32 (1978) *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5818.

The Creditors' Committee contends that there is no conflict between substantive consolidation under § 105 and the involuntary bankruptcy provisions of § 303 because the remedy of substantive consolidation is a distinct remedy with a different purpose than involuntary bankruptcy. The Creditors' Committee argues that involuntary bankruptcy forces an entity into the bankruptcy process, whereas substantive consolidation defines the scope of assets to be included in the estate of a debtor that has voluntarily filed for bankruptcy.

This argument ignores that to the Targeted Entities substantive consolidation is effectively involuntary bankruptcy. Both remedies force the Targeted Entities into bankruptcy against their will. Because substantive consolidation of a charitable organization against its will equates to forcing the entity into involuntary bankruptcy, it violates an explicit mandate of the Bankruptcy Code. As a result, a bankruptcy court lacks authority under § 105 to order substantive consolidation to be applied to a non-consenting, non-debtor eleemosynary entity. See Law, 134 S.Ct. at 1194 ("It is hornbook law that § 105(a) does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code. Section 105(a) confers authority to 'carry out' the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits.") (internal citation and quotation marks omitted).

The cases relied upon by the Creditors' Committee to argue that substantive

consolidation of non-debtors does not conflict with § 303 are inapposite because none involve the substantive consolidation of a charitable organization. Moreover, the Munford decision cited by the Creditors' Committee states that substantive consolidation "must be considered as a remedy which is entirely independent of, *and indeed inconsistent with*, the involuntary petition remedy." See In re Munford, Inc., 115 B.R. 390, 397–98 (Bankr. N.D. Ga. 1990) (emphasis added). The Eighth Circuit has consistently held that a bankruptcy court may only exercise its equitable powers in a manner that is *consistent with* the specific provisions of the Bankruptcy Code. In re Miller, 16 F.3d at 244; In re Easton, 882 F.2d at 315; Johnson, 719 F.2d at 273. Because substantive consolidation of the non-debtors here over their objection is *inconsistent* with the involuntary petition remedy provided under the Bankruptcy Code, a bankruptcy court cannot exercise its equitable powers to order it.

The holding of Judge Kressel's Order finding lack of authority to order substantive consolidation of the Targeted Entities over their objection is affirmed.

**E. The Bankruptcy Court Correctly Held that the Creditors' Committee Failed to Allege Sufficient Facts to Support Substantive Consolidation.**

Appellants next argue that the Bankruptcy Court erred in dismissing the Creditors' Committee's motion on grounds that the Creditors' Committee failed to plead sufficient facts to warrant substantive consolidation. To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pleading must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Determining whether a plausible claim for relief has been stated is "a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the [motion] has alleged—but not 'shown'—'that the [movant] is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Creditors' Committee argues that it pleaded sufficient facts to satisfy the standard for substantive consolidation established by the Eighth Circuit in Giller. The Court disagrees. As the Creditors' Committee acknowledges in its opening brief, substantive consolidation under Giller looks to whether entities are so intertwined that they are "functionally one." Appellants' Br. [Docket No. 17] at 35 (quoting In re Petters Co., Inc., 506 B.R. 784, 803 (Bankr. D. Minn. 2013)). The facts alleged by the Creditors' Committee, even when taken as true and given the benefit of all reasonable inferences, do not meet this test. Unlike the entities in Giller, there are no allegations here that the Targeted Entities are so interrelated that they all operate out of the same headquarters, that the Targeted Entities are all financed by the Debtor with no repayment schedule, or that the Debtor's employees perform uncompensated services for all the Targeted Entities. Although each substantive consolidation case turns on its own facts, the allegations do not plausibly infer that the Debtor and the Targeted Entities were interrelated to the extent that they were "functionally one." The Bankruptcy Court correctly concluded that "[t]here were insufficient facts alleging that a substantial number of the [Targeted Entities] share the same board, same staff, same assets, or same liabilities so as to make them accountable for each other's liabilities under substantive consolidation. Although there are certainly financial transactions between the Archdiocese and many of the targeted entities, their finances are distinct and not tangled or intertwined." Order, 553 B.R. at 703.

Additionally, although the Creditors' Committee makes numerous allegations and arguments that the Debtor and the Targeted Entities are interrelated, the Giller standard directs a court to consider "the *necessity* of consolidation due to the interrelationship." In re Giller, 962 F.2d at 799 (emphasis added). Thus, the substantive consolidation analysis "should not only focus upon [the] interrelationship, but also on the necessity of consolidation because of it." In re Huntco, Inc., 302 B.R. at 39. In other words, "the analysis should also focus on whether the creditors of the various debtors actually relied on that interrelationship and treated the debtors as a single entity." Id. Here again, the Creditors' Committee's allegations failed to show that the Debtor and the Targeted Entities were so interrelated and corporate formalities were so significantly disregarded that the entities should be treated as one entity and consolidated. See In re Snider Bros., Inc., 18 B.R. 230, 234 (Bankr. D. Mass. 1982) ("[T]he fact that corporate formalities may have been ignored, or that different debtors are associated in business in some way, does not by itself lead inevitably to the conclusion that it would be inequitable to merge otherwise separate [entities]".).

Further, the pleaded facts do not establish the second Giller factor, that the benefits of consolidation outweigh the harm to creditors. The Creditors' Committee argues that substantive consolidation would increase the pool of assets available to pay the claims of the Abuse Claimants and would stay more than a hundred sexual abuse lawsuits pending against Parishes. However, the factual allegations do not show that this benefit will outweigh the harm that substantive consolidation would have on the creditors of Targeted Entities that have no sexual abuse claims filed against them. The assets of those Targeted Entities would be redistributed to pay abuse claims even though those Targeted Entities are not subject to such claims, thereby

diluting the recovery for creditors of those Targeted Entities. This result distinguishes this case from Giller, where the Eighth Circuit concluded that substantial consolidation was appropriate because some creditors stood to benefit from consolidation and no creditors would be harmed. See In re Giller, 962 F.2d at 799.

The third Giller factor—that prejudice would result from not consolidating the debtors—also fails. The Creditors' Committee argues that without substantive consolidation the confirmation of a reorganization plan is unlikely, because the Parishes have not provided the Creditors' Committee with the information necessary to evaluate the propriety of channeling injunctions[3] that the Debtor will be seeking on behalf of nearly all the Targeted Entities under the Debtor's proposed Chapter 11 plan. Whether the Creditors' Committee has sufficient information from which it can recommend a Chapter 11 plan that includes channeling injunctions is an issue for confirmation and is not a basis for ordering substantive consolidation.

The Order of the Bankruptcy Court is affirmed.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Official Committee of Unsecured Creditors' Amended Appeal [Docket No. 1, Attach. 1] is **DENIED**; and

---

[3] The channeling injunctions would channel all liability for abuse claims for all Parishes and most other Targeted Entities to a Trust. Appellant's App. at 632.

2.  The Bankruptcy Court's July 28, 2016 Memorandum and Order Denying Substantive Consolidation [Docket No. 1, Attach. 1 at Ex. A] is **AFFIRMED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 6, 2016.